(No. 1383—

FRANK LOVE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 28, 1929.*

CARL CHOISSER, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed, in this case, by Frank Love, the claimant sets forth that he is now and has been for many years past a resident of the City of Quincy, Illinois, and that prior to the first day of March, 1925, the State of Illinois had maintained and operated at the City of Quincy in the State of Illinois an institution known as the Illinois Soldiers' and Sailors' Home, established and equipped for the purpose of providing a home for dependent soldiers and sailors, which said institution was established and equipped and maintained by the State of Illinois.

That said institution was under the control and supervision of the Department of Public Welfare of the State of Illinois; that prior to the first day of. March, 1925, the claimant was employed by the State of Illinois as a servant in and around the institution. That as a part of his duties in such employment he distributed food from the general kitchen to the different cottages in and around said institution by means of a truck which he, the claimant, and two other servants of the State pushed back and forth over the stone walks owned, maintained and controlled by the State of Illinois.

It is the contention of the claimant that the State of Illinois wrongfully and negligently suffered the stone walks to be and remain in bad repair and said walks became broken and worn, that while the claimant in the performance of his duty and by reason of said defective walks, wrenched his left hand, causing a rupture of the tissues in said hand, resulting in a total loss of said hand, by reason of said injury, that during the time of said injury the claimant suffered great pain and was hindered from transacting his duties and that he was obliged to lay out divers sums of money endeavoring to be healed of his injury.

The Attorney General files a statement wherein he sets forth there was a report of the case furnished to him by O. C. Smith, Managing Officer of said Sailors' and Soldiers' Home in which he states in part as follows: "In view of the deplorable condition in which this man is or will be later, I recommend that the Court of Claims, if they find the State liable, be liberal as he will be totally incapacitated from performing any manual labor and will be unable to even dress himself because he has lost his other hand in an accident some years ago."

Assistant Attorney General, Roy D. Johnson, who handled this case for the State recites in his statement that the above statement of Mr. Smith voices his sentiments also.

The court is of the opinion that this is a case where equity, good conscience and social justice should be extended and we, therefore, allow the claim in the sum of $3,000.00.